23-15127

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**DANIEL VERDUZCO,**

                              Appellant,

v.

**MICKEY PRICE, et al. ,**

                              Appellees.

On Appeal from the United States District Court
for the Northern District of California

No. 4:19-cv-01440-JSW
The Honorable Jeffrey S. White, Judge

**RESPONSE TO APPELLANT'S SHOWING OF CAUSE**

Rob Bonta
Attorney General of California
Monica N. Anderson
Senior Assistant Attorney General
Jeffrey T. Fisher
Supervising Deputy Attorney General
William P. Buranich
Deputy Attorney General
State Bar No. 144650
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 510-3558
 Fax: (415) 703-5843
 Email: William.Buranich@doj.ca.gov
*Attorneys for Appellees M. Price, R. Limon, P. Sayer, D. Short, A. Bond, J. Rush, F. Schoening, J. Anderson, L. Brunner, R. Bell, J. Frisk, R. Dhesi, N. Watson, L. Thomas, M. McLean, D. Jacobsen, E. Goldine, A. Cobern, T. Utrecht, R. Basso and W. Rook*

## INTRODUCTION

Defendant-Appellant Verduzco's appeal was untimely, and he has not shown cause why the Court should have jurisdiction to entertain it. The Court's Order to Show Cause outlined the evidence it wanted to see: (1) the October 10, 2022 letter that Verduzco claims he mailed to the district court (which, so far as its docket reflects, it did not receive), requesting appeals forms and expressing a desire to appeal; and (2) the prison mail log showing the letter was actually sent.

In response, Verduzco produced a letter (which he could have written at any time), but did not provide the mail log. Appellees provided that log. And the log showed that, while Verduzco successfully mailed several documents to the district court in October, none were the alleged October 10 letter. The record also shows that Verduzco is an experienced litigant who has navigated the Rules of Appellate Procedure in the past, without issue.

Verduzco provides many elaborate explanations for failing to timely appeal. But, in light of his demonstrated ability to comply with appellate deadlines in the past, the lack of evidence of any interference with his ability to appeal in this case, and the lack of evidence of any timely filing that might constitute a notice of appeal, the Court should find that Verduzco has failed to show cause for his untimely appeal and dismiss it for lack of jurisdiction.

## STATEMENT OF FACTS

The district court granted summary judgment in favor of Appellees and entered judgment on September 30, 2022. (Court Docket (CD) 184.) Verduzco filed a notice of appeal 116 days later, on January 24, 2023. On February 16, 2023, the Court issued an Order to Show Cause requiring Verduzco to explain why the Court should not dismiss his appeal as untimely. (Dkt. No. 5.) The Court asked Verduzco to provide two specific pieces of evidence for its consideration: (1) an alleged October 10, 2022 letter Verduzco claims he mailed to the district court, requesting "pro se appeals forms" and expressing a desire to appeal; and (2) the prison mail log showing the letter was sent as Verduzco insists. (*Id.* at 2.)

Notably, in another recent case—*Verduzco v. Ducart, et al.*[1], —Verduzco successfully appealed an adverse ruling to this Court by filing a notice of appeal within the applicable deadline. He sought no special forms, and filed only a straightforward statement that he was appealing the district court's decision.[2] He thereafter went on to brief the appeal and obtain a ruling, without any difficulty.

---

[1] Ninth Circuit Court of Appeal Case No. 20-17100, U.S. District Court for Northern California Case No. 4:18-cv-04596-JSW.
[2] A copy of that competently prepared notice, ECF No. 101, is attached as Exhibit A.

3

## ARGUMENT

The only competent evidence shows that judgement was entered on September 30, 2022, and that Verduzco never filed a timely notice of appeal.

Federal Rule of Appellate Procedure 4(a) requires that the notice of appeal "be filed with the district court clerk within 30 days after entry of the judgment or order appealed from." Rule 4(a)'s requirements are mandatory and jurisdictional. *Browder v. Dir., Ill. Dep't of Corr.*, 434 U.S. 257, 264-65 (1978); *Wallace v. Chappell*, 637 F.2d 1345, 1346 (9th Cir. 1981) (en banc). Even a notice of appeal that is one day late is untimely and does not support jurisdiction. *Sprout v. Farmers Ins. Exchange*, 681 F.2d 587, 587 (9th Cir. 1982). Further, the Court of Appeals lacks the power to extend the time for Verduzco to file the notice of appeal. *See* Fed. R. App. P. 26(b)(1).

Verduzco filed a notice of appeal 116 days after the district court granted summary judgment in favor of Appellees. (CD No. 191.) That notice was manifestly untimely under Federal Rule of Appellate Procedure 4(a)(1)(A).

Verduzco has advanced a number of elaborate arguments as to why his tardiness should be excused. The first such argument is that he needed the District Court to provide him with "pro se appeal forms" before he could appeal the judgment against him. Such argument is belied by the fact that he has successfully pursued Ninth Circuit appeals in the past without any such forms. In *Verduzco v.*

*Ducart, et al.*, he managed to successfully initiate an appeal in the Ninth Circuit by correctly filing a notice of appeal in the district court. There was no form required, just a straightforward statement that he was appealing the district court's decision. It is disingenuous, at best, to now argue that he did not know how to file a notice of appeal or was confused by the Rules of Appellate Procedure.

Further, Verduzco has not made the showing requested by the Court. While he provided what he purports is a copy of a letter he sent to the district court, a document that he created himself, he has not provided a copy of his mail log as requested by the Court. Appellees provided a copy of that log to the Court and it shows no mailing to the Court on October 10, 2022. (Dkt. No. 12 at 6.)

Verduzco now claims that this is because prison officials interfered with his mail, purportedly to keep him from informing the Court about misdeeds by prison personnel. But the Court's docket tells a different story. In the approximately six months following the filing of Appellees' motion for summary judgment (CD No. 126), Verduzco filed an extraordinary 38 documents with the court, a rate of roughly three documents every two weeks.³

Yet, somewhat improbably, the one document that he needed to file to preserve his right to appeal, and that he knew he needed to file, as evidenced by his

---

³ CD Nos. 132, 134,135,137, 139, 140, 142, 145, 147, 148, 149, 150, 151, 152, 153, 154, 156, 157, 158, 159, 161, 162, 163, 165, 166, 167, 169, 170, 171, 172, 173, 174, 175, 176, 179, 180, 181, and 182.

correctly doing so in his prior appeal, did not make it to the court. Even if it had, Verduzco concedes that what he sent was not a notice of appeal, but a request for forms—forms he knew, from his past experience, he did not need.

Verduzco's argument that prison officials interfered with his mail in order to keep a lid on allegations of wrongdoing is similarly improbable, in as much as the 38 district court filings described above were frequently directed to such issues. It does not follow that officials would interfere with an innocuous notice of appeal, but allow multiple filings with purportedly scandalous allegations to be filed.

It was Verduzco's burden to establish this Court's jurisdiction through evidence showing he filed a timely notice of appeal. That is because federal courts have limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). It is thus "presumed that a cause lies outside [the court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

Verduzco has not met that burden. He can point to no evidence that he did not create himself to show that he timely filed a notice of appeal, whereas as the district court docket, and business records regularly maintained by the California Department of Corrections and Rehabilitation, show that he did not timely pursue

an appeal of the judgment in this case. The only document received by the district court was received in January, nearly four months after the judgment was entered, and well after the Court's jurisdiction to hear an appeal expired.

## CONCLUSION

The court should dismiss the appeal for lack of jurisdiction under 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a).

Dated: July 5, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
MONICA N. ANDERSON
Senior Assistant Attorney General
JEFFREY T. FISHER
Supervising Deputy Attorney General

*s/ William P. Buranich*
WILLIAM P. BURANICH
Deputy Attorney General
*Attorneys for Appellees*

WPB:nr
SF2023600430
43777842.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Verduzco, Daniel v. Mickey Price, et al.** | No. | **23-15127** |

I hereby certify that on <u>July 5, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## RESPONSE TO APPELLANT'S SHOWING OF CAUSE

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>July 5, 2023</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Daniel Verduzco
CDCR # T-45537
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 5, 2023</u>, at San Diego, California.

| N. Rodriguez | *N. Rodriguez* |
|---|---|
| Declarant | Signature |

SF2023600430
84036283.docx